UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 8:04-CR-181-T-27EAJ

TODD MAYO
_____/

ORDER

**THIS CAUSE WAS** before the Court on January 26, 2006, Attorney Richard Creel having been directed to appear before the undersigned and show cause why his membership to the United States District Court, Middle District of Florida, should not be suspended and sanctions imposed.[1] Previously, this Court entered an Order to Show Cause directed to Attorney Creel, directing him to appear before the Court on January 13, 2006. Attorney Creel failed to appear at that hearing, resulting in the second order directing him to show cause why he should not be suspended and sanctions imposed.

Attorney Creel's explanations, that he has been suffering personal problems, had relocated his office, suffered the death of a family member and was experiencing a divorce, are not sufficient or satisfactory reasons explaining his failure to appear before the Court. Regrettably, Attorney Creel has developed a recent history of not responding to court orders or appearing when ordered to. See *In Re Attorney Richard Creel*, Case No. 2:06-mc-2-FTM-29.

Attorney Creel was appointed to represent Defendant Mayo on appeal to the Eleventh Circuit Court of Appeals. This Court's original Order to Show Cause was issued because he had failed to execute and submit to the Court the appropriate CJA Authorization and Voucher forms to

---

[1] Contrary to the express directive of the order for Attorney Creel to appear personally before the undersigned, Attorney Creel telephoned the undersigned's chambers to participate in the hearing, professing that he only read the electronic email and not the Order and was unaware that he had been directed to appear before the Court in Tampa. Attorney Creel's explanation is unacceptable.

compensate the court reporter for preparing the trial transcripts. As a result of Attorney Creel's conduct, substitute counsel, Attorney Daly, has been appointed to represent Defendant Mayo. Attorney Creel represented to the Court that he had been in contact with Attorney Daly and has made arrangements to provide him with the transcripts. His other explanations for failing to make appropriate arrangements for completing the CJA forms and voucher are woefully inadequate. He has neglected his responsibilities to his client as well as the criminal justice system. Undoubtedly, his personal problems have been distracting. Notwithstanding, that does not justify nor explain his dereliction in performing his court appointed duties. He assures the Court that he has resolved these problems, put them behind him and provided the Court with his new office address. Upon consideration, it is

**ORDERED AND ADJUDGED**:

1. Attorney Richard Creel is suspended from the Criminal Justice Panel for the Tampa Division of the Middle District of Florida until further Order of the Court. Mr. Creel shall not be appointed as CJA counsel for any cases in the Tampa Division until further Order of the Court.

2. The matter is referred to the Chairperson of the Tampa/Ft. Myers Grievance Committee pursuant to Local Rule 2.04(e)(1), (2).

3. Upon resolution of the Grievance process, Attorney Creel has leave to apply to have his suspension from the Criminal Justice Panel for the Tampa Division lifted. His application shall show good cause, confirm his good standing in the Florida Bar and his willingness and ability to provide effective assistance of counsel.

**DONE AND ORDERED** in chambers this 6th day of February, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Tampa Division District and Magistrate Judges